UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION
100 F Street. N.E.
Washington, DC 204549,

    Plaintiff,

vs.

FUQI INTERNATIONAL, INC.
c/o Deborah R. Meshulam, Esq.
DLA Piper
500 Eighth Street, N.W.
Washington, DC 20004

    and

YU KWAI CHONG
c/o Thomas Wardell, Esq.
McKenna, Long & Aldridge, LLP
303 Peachtree Street, NE
Suite 5300
Atlanta, GA 30308,

    Defendants.

Case No. 13-cv-995

COMPLAINT

Plaintiff, the United States Securities and Exchange Commission (the "Commission" or "SEC"), alleges:

## SUMMARY

1.     This matter concerns the fraudulent failure to disclose over 50 cash transfers totaling approximately $134 million to purportedly unknown third parties by a China-based jewelry company, Fuqi International, Inc. ("Fuqi"), and its Chairman of the Board and former

Chief Executive Officer and President, Yu Kwai Chong ("Chong"). Chong authorized and directed the cash transfers from Fuqi's corporate bank accounts to three purportedly unrelated, unknown entities between September 11, 2009, and November 24, 2010.

2. Chong made the transfers without written agreements or repayment terms. Fuqi's board of directors was not aware of and did not approve the cash transfers.

3. Chong maintains that he directed the transfers from corporate accounts at the request of a local branch manager at a bank at which Fuqi maintained numerous accounts with significant activity and balances. Chong claims that he directed the cash transfers based on information provided by the bank branch manager "to maintain [a] good relationship with bank officers bas[ed] on bank officer's requests with bank's internal guarantee of fund safety."

4. Chong claims and internal company records reflect that all funds transferred to the third parties were returned to Fuqi throughout the same period of September 2009 through November 2010. Not all of the funds, however, were returned to the same bank accounts or in the same amounts as the initial transfers of cash from Fuqi.

5. For a significant portion of the funds transferred in and out of the company, Chong and Fuqi have been unable to provide reliable third-party verification for the information found in Fuqi's internal records or representations made by Chong.

6. Fuqi has not provided audited financial statements for the relevant period of time and, thus, has not filed any required periodic reports since it filed its quarterly report on Form 10-Q on November 9, 2009, for the period ended September 30, 2009. Fuqi, therefore, is at least three years delinquent in meeting its filing obligations with the Commission.

7. By engaging in the conduct described herein, Fuqi and Chong violated or aided and abetted violations of the antifraud, books and records, and internal controls provisions of the federal securities laws.

8. The Commission brings this action seeking permanent injunctive relief to prevent future violations of the federal securities laws, civil penalties, an officer and director bar and any other appropriate relief.

## JURISDICTION

9. This Court has jurisdiction over this action pursuant to Sections 21 and 27 of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §§ 78u and 78aa].

10. Venue is proper in this judicial district pursuant to Section 27 of the Exchange Act [15 U.S.C. § 78aa] because certain of the acts and omissions constituting violations alleged herein occurred in this judicial district, including without limitation, Fuqi filing its required reports with the Commission.

11. Defendants, directly and indirectly, made use of the mails and of the means and instrumentalities of interstate commerce in connection with the acts, practices, and courses of business described in this Complaint.

## DEFENDANTS

12. Fuqi is a Delaware corporation headquartered in Shenzhen, People's Republic of China ("China"). Fuqi's common stock is registered with the SEC pursuant to Section 12(g) of the Exchange Act and was traded on the NASDAQ Global Market, until it was delisted on March 29, 2011. In July 2009, Fuqi raised approximately $113 million in a public offering. Fuqi operates through its wholly-owned subsidiary, Fuqi International Holdings Co., Ltd.

("FIH"), a British Virgin Islands corporation, and FIH's wholly-owned subsidiary, Shenzhen Fuqi Jewelry Co., Ltd., a company established under the laws of China.

13. Chong is a Chinese national residing in China. He is Fuqi's Chairman, and formerly was its President and CEO.

## FACTUAL ALLEGATIONS

14. Eight months after its July public offering, on March 16, 2010, Fuqi filed a current report on Form 8-K announcing the impending restatement of each of its quarterly reports on Forms 10-Q for the first three quarters of 2009. The company announced that the planned restatement was necessitated by accounting errors related to overstatements of estimated earnings by 12% to 23% as a result of misstatements of inventory and cost of sales resulting from Fuqi's acquisition of a retail operation called Temix in August 2008.

15. In the fall of 2010, while finalizing the audit of Fuqi's restated financial statements and Fuqi's Form 10-K for the year ended December 31, 2009, Fuqi's independent auditor discovered cash transfers between Fuqi and three purportedly unrelated entities. Company records indicated that, between September 2009 and November 2010, then CEO and President Chong directed the transfer of approximately $134 million from Fuqi's bank accounts at two banks to bank accounts at other banks held by three purported jewelry companies in China. Fuqi, at Chong's direction, executed the transfers in over 50 separate transactions from Fuqi to the bank accounts of the three companies.

16. Fuqi incorrectly recorded the cash transfers in its books and records as increases or decreases in "other payables" or "prepaids" accounts.

17. Fuqi's board of directors was not aware of and did not approve the cash transfers. Moreover, the transactions were not documented in any written agreement between Fuqi and the recipients of the cash and were made without any agreed upon repayment terms. Chong claims and the company's internal records, including bank statements received from the banks, reflect that the $134 million was returned to Fuqi at bank accounts at five different banks by November 24, 2010.

18. Fuqi lacked adequate internal accounting controls. The cash transfers reflect a material weakness in Fuqi's internal controls over financial reporting related to an effective treasury function. During the period in which the cash transfer transactions occurred, Fuqi's treasury controls did not require that internal fund transfer applications identify any specific business purpose or be accompanied by supporting documentation, such as a copy of a relevant invoice, purchase order, contract, or pre-payment statement. In addition, the Company's treasury controls lacked effective reconciliation processes and review policies.

19. The transfers also occurred in circumvention of Fuqi's internal controls. For example, internal controls related to "Bank Account Payment" required the financial controller or CEO to "check whether the payment amount is reasonable, and whether it has been approved by the department supervisor/manager, the finance department and deputy general manager. If no error is found, the related documents will be signed." Chong effected the transfers without the required reviews and approvals.

20. After the cash transfers were discovered by Fuqi's independent auditor in or about August 2010, Fuqi retained counsel to conduct an internal investigation into the transactions. During the internal investigation, Chong explained that he verbally authorized the cash transfers

5

at the request of a local bank branch manager to show increased cash flow through the bank. Chong further stated that he agreed to the request to maintain a good relationship with the bank officers, and the bank branch manager gave oral assurances that the funds would be returned to Fuqi.

21. Chong stated that he did not know the three companies identified by the bank manager and to whose accounts he authorized the transfer of company funds. Moreover, as Fuqi disclosed in a March 28, 2011 press release and in a concurrent current report on Form 8-K filed with the Commission, Fuqi could not verify the existence of the three companies as operating businesses; in other words, Fuqi and Chong could not confirm the accuracy of the business addresses nor determine the extent and nature of their business operations, if any, beyond their being registered as legal entities in China. Fuqi further stated in the press release that it had not conducted any commercial business with the three entities aside from the short-term cash transfer transactions.

22. On April 12, 2012, Fuqi provided the SEC with certain information regarding the cash transfer transactions that purported to show that the funds were all returned to the company from the three unknown third parties. The information was based largely on internal Fuqi records. Fuqi, however, has been unable to obtain independent third-party verification of a majority of the underlying cash transfers to or from the accounts.

23. Of the funds Fuqi transferred out of the company to third parties, approximately 19% are supported by documentation that Fuqi obtained independently from third parties. Thus, approximately $108.4 million (or 81%) of the cash transfers out of the company are supported

only by company records. These company records include company vouchers, payment requisition forms, deposit slips, and bank statements received from the banks.

24. Similarly, approximately 37% of the funds that purportedly returned to Fuqi from the unrelated third parties are supported by duplicate copies of bank statements that Fuqi independently obtained during its investigation. Thus, the return transfers of approximately $84.6 million (or 63%) of the funds from third parties are supported only by company records.

25. Chong directed the transfer of approximately $134 million, or about 78% of Fuqi's reported cash balance as of September 30, 2009, from Fuqi to the third parties over the course of approximately a year without necessary or typical documentation, in circumvention of internal controls, and without being properly recorded in the company's books and records or disclosed in required filings. Disclosure of the transfers was required under Item 303 of Regulation S-K and Rule 12b-20 of the Exchange Act to make the existing disclosure not misleading. Nonetheless, Chong and Fuqi failed to disclose the transfers that occurred between Fuqi and the three unrelated companies.

26. By September 30, 2009, Fuqi had already transferred approximately $27.6 million to unrelated third parties and purportedly received back the same amount from those third parties. The $27.6 million transferred out of Fuqi represented approximately 16% of Fuqi's cash balance as of September 30, 2009. Nevertheless, Fuqi and Chong made material misstatements and omissions concerning the cash transfers in circumvention of internal controls; the purpose for the transfers; or that they occurred without board approval, a written agreement, or any repayment terms.

27. On November 6, 2009, Chong, as Fuqi's then-CEO, signed a management representation letter to Fuqi's auditor that not only did not disclose the undocumented cash transfers, but also made affirmative misrepresentations that Fuqi's internal controls were adequate, that they were adhering to them, and that there were no material transactions that were not properly recorded in Fuqi's accounting records.

28. On November 9, 2009, Fuqi filed its quarterly report on Form 10-Q for the period ended September 30, 2009. Chong falsely certified that Fuqi's quarterly report on Form 10-Q, for the quarter ended September 30, 2009, contained no material misstatements or omissions even though, as noted above, Fuqi, at Chong's direction, had transferred $27.6 million to unknown third parties.

29. Fuqi also did not disclose the cash transfers in its November 10, 2009 current report on Form 8-K, which rendered Fuqi's statements relating to cash in the Form 8-K misleading.

30. Fuqi ultimately disclosed the transfers in a press release on March 28, 2011, after their discovery by Fuqi's auditor in or about October 2010.

31. On March 22, 2011, Fuqi's auditor sent the board of directors of Fuqi a six-page letter providing notice of a potential fraud, violations of internal controls, and accounting irregularities surrounding the cash transfers pursuant Section 10A(b)(2) of the Exchange Act, which requires the accounting firm to report possible illegal acts to the board if management has not taken adequate remedial actions. Fuqi's auditor stated in the letter that the cash transfers would have a material effect on the financial statements and related disclosures of Fuqi.

32. Fuqi's auditor further noted that it was concerned about the internal investigation's reliance on oral representations and internal Fuqi accounting records as a basis for the company finding that all of the funds were returned to Fuqi.

33. There is a substantial likelihood that the disclosure of the cash transfers would have been viewed by the reasonable investor as having significantly altered the total mix of information available. A reasonable investor would want to know that the company's CEO, Chong, was circumventing internal controls and transferring corporate funds without any written safeguards or written guarantees that the funds would be returned.

34. Fuqi has not filed any required periodic filings with the SEC since filing a Form 10-Q on November 9, 2009, for the period ended September 30, 2009.

## FIRST CLAIM FOR RELIEF

### Violations of Section 10(b) of the Exchange Act and Rule 10b-5
### (Fuqi and Chong)

35. Paragraphs 1 through 34 are realleged and incorporated by reference.

36. By engaging in the conduct described above, Defendants Fuqi and Chong, directly or indirectly, in connection with the purchase or sale of securities, by the use of the means or instrumentalities of interstate commerce or of the mails, or of any facility of any national securities exchange, knowingly or recklessly, (i) employed devices, schemes, or artifices to defraud; (ii) made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (iii) engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon any persons, including purchasers or sellers of the securities.

37. By engaging in the conduct described above, Defendants Fuqi and Chong violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5].

## SECOND CLAIM FOR RELIEF

### Violations of Section 13(b)(5) of the Exchange Act and Rules 13b2-1 and 13b2-2
(Chong)

38. Paragraphs 1 through 37 are realleged and incorporated by reference.

39. By engaging in the conduct described above, Defendant Chong knowingly circumvented or knowingly failed to implement a system of internal accounting controls, and knowingly falsified books, records, or accounts subject to Section 13(b)(2) of the Exchange Act, and therefore violated Section 13(b)(5) of the Exchange Act [15 U.S.C. §78m(b )(5)].

40. By engaging in the conduct described above, Defendant Chong, directly or indirectly, falsified or caused to be falsified books, records, or accounts subject to Section 13(b)(2)(A) of the Exchange Act, and therefore violated Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1].

41. By engaging in the conduct described above, Defendant Chong knowingly violated Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2] by, directly or indirectly, in connection with Fuqi's SEC filings, making materially false and misleading statements to Fuqi's auditor and omitting to state material facts necessary to make statements to Fuqi's auditor not misleading.

## THIRD CLAIM FOR RELIEF

### Violation of Exchange Act Rule 13a-14
(Chong)

42. Paragraphs 1 through 41 are realleged and incorporated by reference.

43. By engaging in the conduct described above, Chong, as Fuqi's CEO, falsely certified that Fuqi's Form 10-Q for the quarter ended September 30, 2009 contained no material misstatements or omissions.

44. Based on the foregoing, Chong violated Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14].

## FOURTH CLAIM FOR RELIEF

**Violations of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act and Rules 12b-20, 13a-1, 13a-11, and 13a-13**
**(Fuqi)**

45. Paragraphs 1 through 44 are realleged and incorporated by reference.

46. Fuqi, whose securities were registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], as detailed above, failed to file annual, current, and quarterly reports (on Forms 10-K, 8-K, and 10-Q) with the Commission that were true and correct, and failed to include material information in its required statements and reports as was necessary to make the required statements, in light of the circumstances under which they were made, not misleading.

47. As described above, Fuqi failed to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflected the transactions and dispositions of its assets.

48. As described above, Fuqi failed to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that transactions were recorded as necessary (i) to permit the preparation of financial statements in conformity with generally accepted accounting principles and (ii) to maintain accountability of assets.

49. Based on the foregoing, Fuqi violated Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A), and 78m(b)(2)(B)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13].

## FIFTH CLAIM FOR RELIEF

### Chong Aided and Abetted Fuqi's Reporting, Recordkeeping, and Internal Controls Violations

50. Paragraphs 1 through 49 are realleged and incorporated herein by reference.

51. As described above, Fuqi, whose securities were registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], failed to file annual, current, and quarterly reports (on Forms 10-K, 8-K, and 10-Q) with the Commission that were true and correct, and failed to include material information in its required statements and reports as was necessary to make the required statements, in the light of the circumstances under which they were made, not misleading. Fuqi thus violated Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A), and 78m(b)(2)(B)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13].

52. By engaging in the conduct described above, Defendant Chong knowingly provided substantial assistance to and thereby aided and abetted Fuqi in its violations of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A), and 78m(b)(2)(B)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13].

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court enter a final judgment:

(a)  Permanently enjoining Defendants Fuqi and Chong from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. §§ 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5];

(b)  Permanently enjoining Defendant Chong from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rules 13b2-1 and 13b2-2 [17 C.F.R. §§ 240.13b2-2 and 240.13b2-2];

(c)  Permanently enjoining Defendant Chong from violating, directly or indirectly, Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14];

(d)  Permanently enjoining Defendant Fuqi from violating, directly or indirectly, Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A), and 78m(b)(2)(B)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13];

(e)  Permanently enjoining Defendant Chong from aiding and abetting violations of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2)(A), and 78m(b)(2)(B)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13];

(f)  Imposing civil monetary penalties against Defendants Fuqi and Chong pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)];

(g)     Prohibiting Defendant Chong from acting as an officer or director for 5 years of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]; and

(h)     Granting such other and further relief as the Court deems just and proper.

Dated: July 1, 2013                                          Respectfully submitted,

Ansu N. Banerjee
(DC Bar No. 440660)
Attorney for Plaintiff
United States Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549
Tel: (202) 551-5673

Of counsel:

Antonia Chion
Melissa R. Hodgman
L. Delane Olson
United States Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549